UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN SCOTT MEYERS,

     Petitioner,

v.                                                    Case No.  4:17cv593-RH-CJK

JULIE JONES,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition for petitioner's failure to exhaust state court remedies.  (Doc. 8).  Petitioner opposes the motion.  (Doc. 10). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner failed to exhaust state remedies and that his petition should be dismissed without prejudice.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Wakulla Correctional Institution in Crawfordville, Florida. (Doc. 1, p. 1). Petitioner is serving a 45-year term of imprisonment for sexual battery imposed by the Broward County Circuit Court in 1982, followed by a consecutive 2-year term of imprisonment for escape imposed in 1983. (*Id*., pp. 1-2). Petitioner's present habeas petition challenges the Florida Department of Corrections' (FDC) refusal to apply "awarded/recorded/pending" incentive gain time to his Tentative Release Date (TRD). (*Id*., pp. 9, 19).

On July 7, 2016, petitioner filed a petition in the Wakulla County Circuit Court seeking a writ of habeas corpus, or, in the alternative, a writ of mandamus commanding the FDC to apply incentive gain time to his TRD. (Doc. 8, App. at 1-9).[1] The petition was assigned Case No. 2016-120-CA. (*Id*.). On July 19, 2016, the Wakulla County Circuit Court found that petitioner failed to allege a plausible claim for habeas relief (i.e., entitlement to immediate release), deemed the petition a mandamus petition, and transferred the petition to the Leon County Circuit Court. (*Id*. at 10-11). Petitioner appealed the transfer order to the Florida First District

---

[1] Citations to documents in the state court record are to those provided in respondent's appendix. *See* Doc. 8, App. Where a page bears more than one page number, the court cites the number appearing at the bottom right corner of the page.

Court of Appeal (First DCA), and the appeal was assigned Case No. 1D16-3509. (*Id*. at 36).  On December 29, 2016, the First DCA designated the appeal as an appeal from a non-final order, and ordered briefing.  (*Id*.).  After briefing (*id*. at 37-53, 54-68, 69-84), the First DCA affirmed per curiam without opinion.  *See Meyers v. Fla. Dep't of Corr. Sec'y, Julie L. Jones*, 227 So. 3d 571 (Fla. 1st DCA 2017) (Table) (copy at Doc. 8, App. at 85).  The mandate issued July 6, 2017.  (Doc. 8, App. at 87).  On November 6, 2017, petitioner filed a motion in the First DCA seeking an extension of time to move for rehearing.  (*Id*. at 88-91).  The First DCA denied an extension on November 8, 2017.  (*Id*. at 92).[2]

Respondent asserts that the state courts have not addressed the merits of petitioner's gain time claim, and that he still has a remedy available to him in the Leon County Circuit Court.  Accordingly, respondent contends, petitioner's federal habeas petition should be dismissed without prejudice for him to finish exhausting state remedies.  (Doc. 8).  Petitioner responds that a miscarriage of justice will occur if this court does not address his claim on the merits and instead requires exhaustion. (Doc. 10).  Petitioner asserts: "Keeping an honorably discharged military veteran,

---

[2] While the appeal was pending in the First DCA, on April 14, 2017, petitioner filed what he titled an "amended" habeas petition in Wakulla County Circuit Court Case No. 2016-120-CA.  (*Id*. at 12-35).  The pleading was identical to petitioner's original petition except that petitioner removed his reference to mandamus relief and alleged on the first page of the document that he was entitled to immediate discharge from custody.  (*Id*.).

with numerous disabilities, unconstitutionally imprisoned, because he fails to comprehend the complexities of law, under the guise of justice, is unjust." (*Id*., p. 1).

## DISCUSSION

Because petitioner is in custody pursuant to a state court judgment, his habeas petition is governed by 28 U.S.C. §§ 2241 and 2254, including § 2254's attendant restrictions. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) ("[I]f a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." (*quoting* 28 U.S.C. § 2254(a))). Section 2254(b) requires a state prisoner to exhaust all available state court remedies before filing a § 2254 petition. *See* 28 U.S.C. § 2254(b)(1). Section 2254(c) provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*.; *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (holding that the exhaustion requirement is "designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (internal quotation marks and citation omitted)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process.").  If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow for exhaustion.  *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982).

In Florida, judicial review of agency action by the FDC involving gain time credits and calculation of a release date is available by petition for extraordinary relief (mandamus or habeas corpus) in the circuit court.  *See Williams v. Moore*, 752 So. 2d 574, 575 (Fla. 2000); *Harvard v. Singletary*, 733 So. 2d 1020, 1021-22 (Fla. 1999).  Review of the circuit court's decision is available by petition for writ of certiorari in the appropriate district court of appeal.  *See Sheley v. Fla. Parole Comm'n*, 720 So. 2d 216 (Fla. 1998); *see also* Fla. R. App. P. 9.030(b)(2); Fla. R. App. P. 9.100.

The record establishes, and petitioner does not dispute, that he has not completed the process of exhausting state court remedies and that those remedies remain available to him.  Petitioner's argument that it is "unjust" to require him to satisfy the exhaustion requirement is unavailing.  *See Lundy*, 455 U.S. at 520 ("Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.").

Petitioner's § 2254 petition should be dismissed without prejudice to allow him to return to state court to exhaust Florida's judicial review process.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 8) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), be DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 10th day of May, 2018.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.